## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **CORA JOHNSON, ET AL.** | **CIVIL A. NO. 03-1979** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JUANETTA MARTIN, ET AL.** | **MAG. JUDGE JAMES D. KIRK** |

## RULING

Plaintiffs Cora Johnson and Delores Seay brought this suit pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), alleging that their former employers, Defendants Juanetta Martin and Bayou Home Bureau Corp., terminated their employment in retaliation for Plaintiffs having previously instituted legal proceedings against Defendants.

Pending before the Court is Plaintiffs' Motion for Summary Judgment [Doc. No. 19]. Plaintiffs seek summary judgment on the issue of liability only, with the issue of damages being left for determination at trial. Defendants have filed an Opposition to Motion for Summary Judgment. For the following reasons, Plaintiffs' Motion for Summary Judgment is hereby GRANTED as to the issue of liability only, with the amount of damages to be determined after a trial on the merits.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs were employed at Bayou Home Bureau Corp. ("Bayou") throughout the year 2002 and through the month of May, 2003.[1]

On May 12, 2003, Plaintiffs and several other employees filed a lawsuit against the above-named Defendants in the Fourth Judicial District Court, Morehouse Parish, Louisiana, alleging that Defendants had violated provisions of state employment law, La. Rev. Stat. § 23:631, the FLSA,

---

[1] Inexplicably, neither party has provided the Court with the exact date that Plaintiffs were hired or were terminated from employment with Bayou. However, it is clear that Plaintiffs discharge occurred after they initiated state court proceedings on May 12, 2003, but before the initiation of the present suit on October 23, 2003.

and the terms of their employment contracts by failing to pay them owed wages and overtime pay.

At some point after Plaintiffs filed suit in state court, they were terminated from employment at Bayou.

Plaintiffs filed the instant suit in federal court on October 23, 2003, and Defendants filed an Answer on July 12, 2004.

On March 16, 2005, Plaintiffs timely served Defendants with written discovery, including requests for admissions under Fed. R. Civ. P. 36(a), and a request to schedule depositions. On May 9, 2005, having received no responses, Plaintiffs forwarded a written follow-up request to Defendants, again requesting discovery responses and a proposed date to schedule depositions. On May 11, 2005, Plaintiffs received from Defendants a request for an additional copy of the written discovery previously propounded. Plaintiffs forwarded to Defendants another copy of the written discovery on this same date.

On July 18, 2005, during a meeting to discuss pretrial submissions, Plaintiffs' counsel again requested written responses to his discovery requests, and Defendants' counsel agreed to provide such responses. The parties also finally agreed to a deposition date of July 29, 2005. On July 29, 2005, the depositions proceeded as scheduled, but Defendants still failed to produce written responses to Plaintiffs' discovery requests. On June 30, 2005, Plaintiffs requested by facsimile writing that Defendants respond to their discovery requests by August 1, 2005. On August 1, 2005, Plaintiffs' counsel called Defendants' counsel, but was unable to reach counsel directly or to obtain any information about the status of the written responses.

On August 4, 2005, having still received no response to their discovery requests, Plaintiffs filed a Motion for Leave to File Motion to Compel and a Motion for Leave to File Motion for Summary Judgment Out of Time. On August 10, 2005, Magistrate Judge James D. Kirk granted the Motion for Leave to File Motion to Compel, and the Motion to Compel was entered into the record.

2

On August 11, 2005, Magistrate Judge Kirk held a final Pretrial Conference with all parties. At the conference, Magistrate Judge Kirk orally granted the Plaintiffs' Motion to Compel, and on this same date he issued an Order compelling Defendants to respond to all of Plaintiffs' discovery requests by August 15, 2005.

On August 15, 2005, Defendants filed an Opposition to Plaintiffs' Motion for Leave to File Motion for Summary Judgment and an Opposition to the Motion for Summary Judgment.

On August 17, 2005, the Court granted Plaintiffs' Motion for Leave to File Motion for Summary Judgment Out of Time, and the Motion for Summary Judgment was docketed into the record.

With full briefing by all parties now complete, the Court is prepared to rule on the Plaintiffs' Motion for Summary Judgment.

## II. LAW AND ANALYSIS

### A. Motions for Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* The moving party cannot satisfy its initial burden simply by setting forth conclusory statements that the nonmoving party has no evidence to prove its case. *Ashe v. Corley*,

3

992 F.2d 540, 543 (5th Cir. 1993).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise matter in which the evidence supports his or her claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

Rule 56 of the Federal Rules of Civil Procedure further provides for a partial summary judgment when there is a genuine issue as to damages but not as to the ultimate liability of the nonmoving party. Fed. R. Civ. P. 56(c) ("A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."). "[I]f the court establishes the existence of liability under the last sentence in Rule 56(c), the case then will proceed for a determination of the damage issue. This normally will be done in accordance with the usual trial procedures applicable to the case." 10B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2736; *see also* Fed. R. Civ. P. 56(d) ("If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court . . . shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the

action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.").

**B.    Rule 36 Admissions**

Rule 36(a) of the Federal Rules of Civil Procedure provides, in relevant part:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact. . . .
> The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter.

Fed. R. Civ. P. 36(a).

As noted previously, Plaintiffs served Defendants with written requests for admissions on March 16, 2005, and on numerous occasions thereafter. Yet, as of the August 11, 2005 Pretrial Conference, despite Plaintiffs' repeated efforts, Defendants had still not responded with written answers, objections addressed to the matter, or even a request for an extension of time in which to answer. Therefore, pursuant to Rule 36(a), all matters asserted in Plaintiffs' requests for admissions were deemed admitted on April 16, 2005.

The Fifth Circuit has noted that, "[f]or Rule 36 to be effective in this regard, litigants must be able to rely on the fact that matters admitted will not later be subject to challenge." *Carney v. Internal Revenue Service*, 258 F.3d 415, 419 (5th Cir. 2001). However, Rule 36(b) tempers the potential harshness of default admissions by permitting withdrawal or amendment of the admission upon motion to the court. *See* Fed. R. Civ. P. 36(b) ("Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . . [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to

satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action."); *see also Carney*, 258 F.3d at 419, 421.

In the present case, Defendants have not moved to withdraw or amend their admissions, and therefore the matters admitted under Rule 36(a) are conclusively established for purposes of this action. *See id.* ("This Circuit has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b).").

Moreover, the Fifth Circuit has repeatedly held that, "[s]ince Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record." *Id.*; *see also, e.g., Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985); Fed. R. Civ. P. 56 (noting that "admissions on file" are an appropriate basis for granting summary judgment). Consequently, the plain language of Rule 36, Rule 56, and the Fifth Circuit's case law compels the conclusion that the following facts, derived from the Plaintiffs' requests for admissions, are conclusively and irrefutably established for purposes of the present summary judgment motion:

(1) Cora Johnson was previously employed by Juanetta Martin.

(2) Cora Johnson was previously employed by Bayou Home Bureau Corp.

(3) Delores Seay was previously employed by Juanetta Martin.

(4) Delores Seay was previously employed by Bayou Home Bureau Corp.

(5) Delores Seay was terminated from employment.

(6) Cora Johnson was terminated from employment.

(7) The date(s) on which Cora Johnson and Delores Seay were terminated from employment occurred after the filing of the civil suit . . . in the Fourth Judicial District Court, Parish of Morehouse, State of Louisiana.

(8) The date(s) on which Cora Johnson and Delores Seay were terminated from

(8) employment occurred after Cora Johnson and Delores Seay made a legal demand upon one or both defendants for unpaid wages.

(9) The date(s) on which Cora Johnson and Delores Seay were terminated from employment occurred after Cora Johnson and Delores Seay made a legal demand upon one or both defendants for unpaid overtime wages.

(10) Since the termination of Cora Johnson and Delores Seay from their employment by one or both defendants, unpaid wages that remain owed to Cora Johnson and Delores Seay by one or both defendants have not been paid in full.

(11) Cora Johnson and Delores Seay were not advised by either defendant, in writing, for the reason(s) for their termination from employment with the defendants.

(12) Cora Johnson and Delores Seay were terminated from their employment by the defendants because a legal demand was made upon one or both defendants for the payment of overtime wages.

(13) Cora Johnson and Delores Seay were terminated from their employment by the defendants because Johnson and Seay, along with other parties, filed a lawsuit against the defendants for the payment of overtime wages.

(14) Juanetta Martin, during the period(s) and in all instances relevant to the causes asserted in this lawsuit, made all decisions regarding the employment of Cora Johnson and Delores Seay.

(15) Juanetta Martin, during the period(s) and in all instances relevant to the causes asserted in this lawsuit, of Cora Johnson and Delores Seay's employment by one or both defendants, made all decisions regarding the termination of the employment of Cora Johnson and Delores Seay.

**C.     The Fair Labor Standards Act**

Section 215(a)(3) of the FLSA provides, in pertinent part, that "it shall be unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding." 29 U.S.C. § 215(a)(3); *see also James v. MedicalControl, Inc.*, 29 F.Supp.2d 749 (N.D. Tex. 1998) (FLSA "prohibits retaliation against an employee who files a complaint, initiates proceedings, or assists in the initiation of proceedings under the FLSA.").

7

Retaliation claims under the FLSA are analyzed under the same framework as retaliation claims under Title VII. *See Kanida v. Gulf Coast Medical Personnel LP*, 363 F.3d 568, 577 (5th Cir. 2004) (noting retaliation claims under FLSA are subject to Title VII *McDonnell Douglas* burden-shifting analysis); *see also James*, 29 F.Supp.2d at 752; *Tjelle-Monferdini v. Caterpillar, Inc.*, No. 04-1689, 2004 WL 2533781, at *4 (N.D. Ill. Sept. 28, 2004).

To establish a claim of retaliation, a plaintiff must demonstrate that she: (1) engaged in a protected activity; (2) that an adverse employment action occurred; and (3) that a causal link exists between the protected activity and the adverse employment action. *Fabella v. Socorro Ind. Sch. Dist.*, 329 F.3d 409, 414 (5th Cir. 2003) (analyzing retaliation claim under Title VII); *see also James*, 29 F.Supp.2d at 752.

A plaintiff alleging retaliation may establish her causation in one of two ways: she may either present direct evidence of retaliation, which is known as the "mixed-motive" method of proving retaliatory motivation; or she may provide circumstantial evidence creating a rebuttable presumption of retaliation. *Fabella*, 329 F.3d at 415. "Usually, in the context of a retaliation claim, the employer refrains from expressly stating that an impermissible criterion influenced his decision to expose the plaintiff to an adverse employment action, and so direct evidence of an employer's allegedly retaliatory intent is rarely available." *Id*. As a result, the Fifth Circuit has "long recognized the well-trod path by which a plaintiff may demonstrate retaliatory intent through the use of circumstantial evidence and the famed *McDonnell Douglas* burden-shifting framework."[2] *Id*.

---

[2]Under the *McDonnell Douglas* burden-shifting framework, a plaintiff bears the burden of establishing her prima facie case through circumstantial evidence of a retaliatory motive. If the plaintiff succeeds in offering circumstantial evidence in support of each element of her claim, she creates a rebuttal presumption of retaliation, and the burden shifts to the employer to demonstrate a legitimate reason for the adverse employment action. If the employer produces evidence of a legitimate reason for the action, the burden shifts again to the plaintiff to rebut the employer's non-retaliatory rationale. *Id*.

8

However, in the unusual instance where a plaintiff is able to support the elements of her claim with direct evidence of a retaliatory motive, as is the case here, the *McDonnell Douglas* framework does not apply. *See id.* Instead, in such "direct evidence" cases,[3] once the plaintiff has submitted evidence that retaliation was among the motives which prompted the adverse action, the burden of proof shifts to the employer to establish by preponderance of evidence that the same decision would have been made regardless of the forbidden factor. *Id.*

In the case *sub judice*, it is beyond dispute that Plaintiffs engaged in an FLSA-protected activity when they filed a complaint against Defendants in state court, alleging, *inter alia*, that Defendants had violated provisions of the FLSA by failing to pay them owed wages and overtime pay. Similarly, it is beyond dispute that an adverse employment action occurred in that Plaintiffs were discharged from their employment by Defendants. Finally, based on the deemed-admitted evidence under Rule 36, it is conclusively established that the adverse employment action would not have occurred but for plaintiff's protected activity.[4] *See* Request for Admission No. 12 (Plaintiffs "were terminated from their employment by the defendants *because* a legal demand was made upon one or both defendants for the payment of overtime wages") and Request for Admission No. 13 (Plaintiffs "were terminated from their employment by the defendants *because* Johnson and Seay, along with other parties, filed a lawsuit against the defendants for the payment of overtime wages") (emphasis added). Moreover, because Rule 36 admissions are conclusive as to the matters admitted and cannot be overcome at the summary judgment stage by contradictory evidence,

---

[3]The Fifth Circuit has defined "direct evidence as evidence which, if believed, proves the fact [in question] without inference or presumption." *Portis v. First National Bank of New Albany, Miss.*, 34 F.3d 325, 328-29 (5th Cir. 1994) (internal citations omitted).

[4]The Fifth Circuit has held that "Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact." *Carney*, 258 F.3d at 419.

9

*Carney*, 258 F.3d at 420, Defendants are unable to meet their burden that the same decision would have been made regardless of the forbidden factor.

Accordingly, the Court finds that there is no issue of material fact that Defendants discharged Plaintiffs in retaliation for their having instituted legal proceedings against Defendants under the FLSA, and Plaintiffs are entitled to judgment as a matter of law as to the issue of liability. The Court finds that the facts related to damages, however, are genuinely in dispute and, therefore, the entire cause is not ripe for summary judgment. As such, a partial summary judgment, limited to the issue of liability, is entered for Plaintiffs. The amount of damages will be determined after a trial on the merits.

### III. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment [Doc. No. 19], filed by Plaintiffs Cora Johnson and Delores Seay, is hereby GRANTED as to the issue of liability only, with the amount of damages to be determined after a trial on the merits.

MONROE, LOUISIANA, this 25th day of August, 2005.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **CORA JOHNSON, ET AL.** | **CIVIL A. NO. 03-1979** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JUANETTA MARTIN, ET AL.** | **MAG. JUDGE JAMES D. KIRK** |

## ORDER

For the reasons set forth in this Court's Ruling,

IT IS HEREBY ORDERED that the Motion for Summary Judgment [Doc. No. 19], filed by Plaintiffs Cora Johnson and Delores Seay, is GRANTED as to the issue of liability only, with the amount of damages to be determined after a trial on the merits.

MONROE, LOUISIANA, this 25th day of August, 2005.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE