RECEIVED

NOV - 3 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CORA JOHNSON & DELORES SEAY** | **CIVIL ACTION NO. 03-1979** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JUANETTA MARTIN & BAYOU HOME BUREAU CORPORATION** | **MAG. JUDGE JAMES D. KIRK** |

## OPINION

This is an action brought by Plaintiffs Cora Johnson ("Johnson") and Delores Seay ("Seay") (collectively the "Plaintiffs") against Defendants Juanetta Martin ("Martin") and Bayou Home Bureau Corporation ("Bayou Home") (collectively the "Defendants") to recover lost wages as a result of violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

## JURISDICTION

The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and the FLSA, 29 U.S.C. § 201, *et seq.*

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court hereby enters the following findings of fact and conclusions of law. To the extent that any finding of fact constitutes a conclusion of law, the Court hereby adopts it as such, and to the extent that any conclusion of law constitutes a finding of fact, the Court hereby adopts it as such.

A.  **FINDINGS OF FACT**

Plaintiffs were employed at Bayou Home throughout the year 2002 and until May 15, 2003. Plaintiffs' primary job responsibilities included "sitting" for disabled patients.[1] During Plaintiffs' employment they primarily worked for two patients, Chad and Nelson.[2]

During their employment with Bayou Home, Plaintiffs claim that they worked approximately 58-62 hours per week for Chad and Nelson. However, Plaintiffs' testimony at trial contradicts this figure. Johnson testified that she worked from 11 p.m. to 7 a.m. Monday through Thursday for Chad and from 7 p.m. to 11 p.m. Thursday through Sunday for Nelson. Analyzing Johnson's testimony, she worked approximately 48 hours per week. Similarly, Seay's testimony demonstrates that she worked approximately 48 hours per week.

Plaintiffs were paid at an hourly rate. Johnson claims that she earned an hourly rate of $7.50 for taking care of Chad and $6.50 for taking care of Nelson. Seay claims that she earned an hourly rate of $7.00 for taking care of Chad and $6.50 for taking care of Nelson.

On May 12, 2003, Plaintiffs and several other employees filed a lawsuit against the Defendants in the Fourth Judicial District Court, Morehouse Parish, Louisiana, alleging that Defendants had violated provisions of state employment law, the FLSA, and the terms of their employment contracts by failing to pay them owed wages and overtime pay.

On May 15, 2003, Plaintiffs were terminated from their employment with Bayou Home.

---

[1] Sitting includes responsibilities such as bathing, feeding, and generally taking care of patients who are unable to take care of themselves because of a mental or physical handicap.

[2] To protect the confidential nature of the relationship between Plaintiffs and their patients, the Court will refer only to the first name of the patients.

Plaintiffs filed the instant suit in this Court alleging violations under the FLSA anti-retaliation provision, 29 U.S.C. 215(a)(3).

During discovery Plaintiffs served Defendants with Requests for Admissions under Federal Rules of Civil Procedure 36(a). After several failed attempts by Plaintiffs to obtain answers to their admissions, Plaintiffs filed a Motion for Summary Judgment on August 17, 2005, on the issue of liability only. The Court determined that the Request for Admissions would be deemed-admitted evidence and granted Plaintiffs' Motion for Summary Judgment.[3] The Court held that it was conclusively established that the adverse employment action would not have occurred but for Plaintiffs' protected activity. The Court further held that damages was the only issue to be determined at trial.

At trial, Plaintiffs testified that they began to perform the same type of work at a similar company, Care Solutions, the same day they were terminated from Bayou Home. Johnson testified that she has not lost any wages after being fired at Bayou Home. Seay testified that she earns more money per hour at Care Solutions for the same type of work. Seay testified that she works every Monday, Tuesday, Wednesday, and every other Thursday for 12 hours a day, at an

---

[3]The Court notes that Plaintiffs requested 15 statements to be admitted by Defendants. Of particular relevance to the Court's opinion are requests for admissions numbers 12 and 13. These requests for admission provide in pertinent part:

(12) Cora Johnson and Delores Seay were terminated from their employment by the defendants because a legal demand was made upon one or both of defendants for the payment of overtime wages.

(13) Cora Johnson and Delores Seay were terminated from their employment by the defendants because Johnson and Seay, along with other parties, filed a lawsuit against the defendants for the payment of overtime wages.

See Memorandum Ruling [Doc. No. 21].

hourly rate of $7.25.[4]

B. **CONCLUSIONS OF LAW**

Plaintiffs have asserted claims under the FLSA anti-retaliation provision, 29 U.S.C. § 215(a)(3), to recover lost wages, liquidated damages, reinstatement, attorneys fees and costs, and any other legal or equitable relief the Court deems proper.

1. **Fair Labor Standards Act**

The FLSA contains minimum wage and overtime pay requirements. 29 U.S.C. §§ 206-207. The anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3), provides that an employer may not discharge or in any other manner discriminate against an employee because that employee has filed a complaint against the employer regarding violations under the FLSA. The penalties section provides both criminal and civil sanctions. 29 U.S.C. § 216. Section 216(b) provides in relevant part:

> Any employer who violates the provisions section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damage...
>
> The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action...

29 U.S.C. § 216(b).

---

[4]The Court notes that the trial lasted approximately 45 minutes. Because the trial record is so sparse, the Court allowed parties to submit post trial briefs. The Court has spent a considerable amount of time piecing together testimony and facts that contradict the post-trial briefs submitted by the attorneys.

The penalties provision of the FLSA has one common element, which is to put the "plaintiff in the place she would have been absent the employer's misconduct." *See Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 934 (11th Cir. 2000).

The Fifth Circuit has instructed that an employer who violates the FLSA is liable for not only unpaid wages and overtime pay, but also for an "additional equal amount as liquidated damages." *See Singer v. City of Waco, Texas*, 324 F.3d 813, 822 (5th Cir. 2003). It is within the discretion of the district court to decline or reduce such damages when the district court concludes that the employer has reasonable grounds to believe that its actions were in compliance with the FLSA. *Id.* at 823 (citing *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999)).

### 2. Analysis of Claims

The Court finds that Johnson is not entitled to lost wages. At trial Plaintiffs testified that they were terminated on May 15, 2003. Plaintiffs also testified that they mitigated their losses by starting to work for another employer, performing the same type of work, the same day they were terminated at Bayou Home. Johnson testified that she worked from 11 p.m. to 7 a.m. Monday through Thursday for Chad and from 7 p.m. to 11 p.m. Thursday through Sunday for Nelson. Johnson's testimony reveals that she worked approximately 48 hours per week.[5] After being terminated at Bayou Home, Johnson testified that she has not lost any wages.[6]

The Court finds that Seay is entitled to lost wages. Seay claims that she worked

---

[5] The Court notes that Plaintiffs' post trial brief argues that Johnson worked 62 hours per week. However, Johnson's testimony presented at trial clearly contradicts the attorney's analysis.

[6] The Court notes that there was no evidence presented to the Court other than Johnson's testimony.

approximately 32 hours for Nelson and 16 hours for Chad per week. Seay claims that she earned an hourly rate of $6.50 for taking care of Nelson and $7.00 for taking care of Chad. At trial Seay testified that she worked approximately 48 hours per week. Based on Seay's testimony the Court has reached the following conclusions: (1) Seay made approximately $696.00 every two weeks while employed at Bayou Home;[7] (2) Seay makes approximately $638.00 every two weeks in her new position performing the same type of work;[8] (3) the lost wages is approximately $58.00 every two weeks; and (4) the lost annual income of Seay is approximately $1,508.00.[9]

Seay is also entitled to liquidated damages. Because the Court already determined in its previous Memorandum Ruling that the adverse employment action would not have occurred but for Plaintiffs' protected activity, the Court need not consider whether the employer had reasonable grounds to believe that its actions were in compliance with the FLSA. Consistent with the Fifth Circuit's holding in *Singer*, the Court finds that Seay is entitled to an equal amount as liquidated damages.

The Court finds that Seay is entitled to a total amount of lost wages and liquidated

---

[7]The Court reaches this figure by adding the following: (1) 32 hours of sitting for Nelson multiplied by $6.50 per hour equals $208.00 per week; (2) 16 hours of sitting for Chad is divided by 2 to provide 8 regular hours at $7.00 per hour, and 8 overtime hours at time and a half at $10.50 per hour which equals $140.00 per week; (3) Seay made approximately $348.00 each week; and (4) Seay made approximately $696.00 every two weeks.

[8]The Court reaches this figure by adding the following: (1) Seay testified that she made an hourly rate of $7.25 at her new job; (2) Seay testified that she worked 12 hour shifts every Monday, Tuesday, Wednesday, and every other Thursday; (3) in a 36 hour work week Seay made approximately $261.00; (4) in a 48 hour work week Seay worked at an hourly rate of $7.25 at regular pay and approximately 8 hours at $10.87 at time and a half which equals $377.00; and (5) Seay made approximately $638.00 every two weeks.

[9]The Court reaches this figure by multiplying $58.00 by 26 weeks (half of 52 weeks).

damages in the amount of $7,192.00.[10]

The FLSA allows the Court to order reinstatement if the Court deems it is an appropriate remedy. 29 U.S.C. § 216(b). Section 216(b) states that "[a]ny employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion..." *Id.* In the case *sub judice* the Court finds that, given the facts and circumstances, reinstatement would be inappropriate.

Finally, Plaintiffs have prevailed on their FLSA claim and are entitled to recover attorneys' fees pursuant to 29 U.S.C. § 216(b). Section 216(b) states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." *Id.* "The language of the this statute mandates that the district court award attorney's fees to the prevailing party, but it gives the court discretion in deciding what is reasonable." *Purcell v. Seguin State Bank & Trust Co.*, 999 F.2d 950, 961 (5th Cir. 1993). Accordingly, the Court awards Plaintiffs reasonable attorneys' fees and costs in this matter.

This case will be referred to the Magistrate Judge for a Report and Recommendation on the reasonableness of the attorneys' fees and costs requested. Plaintiffs' attorney must submit (to the Magistrate Judge) an affidavit setting forth costs and attorneys' fees in compliance with Local Rules 54.2 and 54.3.

---

[10] The Court reaches this amount by adding together two years and 20 weeks of lost wages and adding an equal amount as liquidated damages.

## CONCLUSION

For the foregoing reasons, the Court awards Plaintiff Seay lost wages and liquidated damages in the amount of $7,192.00. The Court awards Plaintiff Johnson no damages. The Court also awards Plaintiffs reasonable attorneys' fees and costs to be paid by the Defendants.

MONROE, LOUISIANA, this __3__ day of __November__, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE