UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CORA Johnson & DELORES SEAY | CIVIL ACTION NO. 03-1979 |
| VERSUS | U.S. DISTRICT JUDGE ROBERT G. JAMES |
| JUANETTA MARTIN, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Before the court is a motion by plaintiffs for costs and attorney's fees, referred to me by the district judge for Report and Recommendation. No response to the motion has been filed by defendants.

The starting point for a proper fee determination in this FLSA lawsuit is the Lodestar calculation which is simply the reasonable hourly rate multiplied by the number of hours reasonably spent. Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Saizan v. Delta Concrete Products Co., 448 F.3d 795 (5th Cir. 2006).

In addition, in this circuit, the court should consider the twelve factors[1] set forth in Johnson v. Georgia Highway Express,

---

[1] The twelve *Johnson* factors are (1) time and labor involved; (2) the novelty and difficulty of the questions presented; (3) the skill necessary to perform the legal services; (4) preclusion of other employment; (5) customary fees; (6) whether the fee is fixed or contingent; (7) time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-719.

Inc., 488 F.2d 714 (5th Cir. 1974), although some of those factors are "subsumed in the Lodestar." Hensley, 103 S.Ct. at 1949.

Plaintiff seeks an award of costs in the amount of $869.41 and attorney's fees in the amount of $15,627.50 for a total of $16,496.91. Suit was filed in this case in October 23, 2003.

Summary judgment was granted to plaintiffs and the issue of damages was tried to the judge with judgment being entered in the amount of $7,192.00 to Seay and no damages to plaintiff Johnson. Attorney fees and costs were also ordered to be paid and referred to me for this Report and Recommendation. The ruling was affirmed on appeal.

The time itemized by counsel in his application for attorney's fees, 89.3 hours, though sufficiently itemized, is lumped together yielding one time entry, that is, many of the time entries contain one hourly figure for several items of legal work. The time exceeds the amount of the judgment[2]. In addition, it is impossible to discern from the records the amount of time spent with regard to plaintiff Johnson's case for which no damages were awarded. Overall, however, I find the itemized time to be reasonable.

Further, counsel seeks an award of $175.00 per hour which is within the range of fees which have been awarded in other cases in this division of this district. Although the rate of $175.00 is

---

[2] Of course, when the work was performed, plaintiff's counsel did not have the benefit of knowing the amount of the judgment.

higher than the normal average attorney's rate in the Monroe, LA area, the higher rate is justified by the need in this area to encourage attorneys to accept this kind of litigation and because of the public policy considerations present in these lawsuits.

I find that the reasonable hours expended in the case to be 89.3 hours. Although plaintiff Johnson was not awarded damages, liability was found in her favor. In addition, most of the legal work performed would have been necessary regardless of whether Johnson was entitled to damages or not.

Therefore, a calculation of the Lodestar yields a total attorney's fee award of $15,627.50 (89.3 hours times $175 per hour).

Although the issues presented were neither novel or difficult, there were many issues which required legal research and analysis and preparation. More than minimal legal skills were necessary in this risky case which precluded other employment of the attorney. The court considers also that plaintiff did receive a successful result despite the lack of an award of damages to Johnson. Pursuant to the Fifth Circuit' instruction in <u>Johnson</u>, the court considers also the experience, reputation and ability of the attorney; this court has dealt many times in recent years with the attorney for plaintiff in this case and knows him to be both experienced and competent in this area of the law.

Considering these factors and the remaining *Johnson* factors, it appears that no adjustment of the Lodestar amount would be appropriate.

Further, it does not appear that any adjustment of the amount of the expenses submitted by plaintiff should be made, as all appear to be necessary and reasonable and, indeed, conservative in the prosecution of this lawsuit.

## Conclusion

For these reasons, IT IS RECOMMENDED that plaintiff be awarded the sum of $15,627.50 as attorney's fees and $869.41 for costs for a total award of $16,496.91.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN**

**AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 6th day of February, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE