RECEIVED
IN MONROE, LA
MAY 8 - 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CORA JOHNSON, ET AL. | CIVIL ACTION NO. 03-1979 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JUANETTA MARTIN, ET AL. | MAG. JUDGE JAMES D. KIRK |

MEMORANDUM RULING

Before the Court is Defendants' Motion for Relief From Judgment [Doc. No. 44]. Defendants claim that the Court's November 3, 2005 Judgment [Doc. No. 30] should be vacated under Federal Rule of Civil Procedure 60(b)(6) because Plaintiffs and their counsel perpetrated fraud upon the court.

For the following reasons, Defendants' Motion is DENIED.

I. FACTUAL BACKGROUND

Plaintiffs, former employees of Defendants, filed suit in state court alleging that Defendants violated provisions of state employment law; the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"); and the terms of Plaintiffs' employment contracts by failing to pay wages earned and overtime pay. Thereafter, Plaintiffs were terminated and filed the instant retaliation suit in this Court, alleging that the adverse employment action would not have occurred but-for Plaintiffs' protected activity. A bench trial was held on October, 13, 2005, and judgment was entered on November 3, 2005, awarding Plaintiff Delores Seay lost wages and liquidated damages.

1

## II. LAW AND ANALYSIS

Defendants claim that Plaintiffs and their counsel knowingly submitted false claims for overtime pay and misclassified Plaintiffs' job functions under the FLSA. "Fraud upon the court" is grounds for vacating a judgment under Rule 60(b). Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 872 (5th Cir. 1989) (citing references omitted). There is no time limit for bringing such a motion. "However, 60(b) relief based on 'fraud upon the court' is reserved for only the most egregious misconduct, and requires a showing of an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Id. "The narrow concept should embrace only the species of fraud which does[,] or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Id. "Less egregious misconduct comes within the scope of Rule 60(b)(3)." Id.

Defendants argue that Plaintiffs' counsel knew or should have known that Plaintiffs' overtime claims for the patient named Nelson were false because Plaintiffs did not claim overtime for Nelson in the state trial that preceded the instant action. Defendants also argue that Plaintiffs' counsel "failed to perform even a minimal level of due diligence . . . to insure [sic] plaintiff(s) job function (Companion Care Attendants) were in fact covered under the . . . FLSA." [Doc. No. 44, ¶ 6]. Defendants assert that Plaintiffs primarily worked in patients' homes, not a hospital or nursing institution, and, therefore, were not entitled to overtime compensation.

Fabrication of evidence may constitute a fraud upon the Court; however, Defendants have offered no evidence that Plaintiffs' counsel knew Plaintiffs did not provide care to Nelson. Failure to correct a "clerical error" or perform "due diligence" as to whether Plaintiffs were

2

covered under the FLSA overtime provision does not constitute fraud upon the court. "The mere nondisclosure to an adverse party and to the court of facts pertinent to a controversy before the court does not add up to 'fraud upon the court' for purposes of vacating a judgment under Rule 60(b)." Wilson, 873 F.2d at 872 (citing Kerwit Medical Products, Inc. v. N. & H. Instruments, Inc., 616 F.2d 833, 837 (5th Cir. OLD 1980) (attorney was not required to advise opposing party or court of facts that could have provided a defense)). Accordingly, Defendants are not entitled to relief under Rule 60(b)(6).

Defendants' claims are more appropriately characterized as alleging adversarial fraud, misrepresentation or other misconduct under Rule 60(b)(3). Id. A motion made under Rule 60(b)(3) must be made within one year of "the date the district court entered final judgment." Id. at 871 (citing references omitted); see also Fed. R. Civ. P. 60(b). In this case, the Court's Judgment was entered on November 3, 2005, and Defendants did not file this motion until April 26, 2007, well past the one-year period. Accordingly, Defendants' motion is time-barred.

## II. CONCLUSION

For the foregoing reasons, Defendants' Motion for Relief From Judgment [Doc. No. 44] is DENIED.

MONROE, LOUISIANA, this 8 day of May, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE