RECEIVED
IN MONROE, LA
JUL 18 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CORA JOHNSON, ET AL. | CIVIL ACTION NO. 03-1979 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JUANETTA MARTIN, ET AL. | MAG. JUDGE JAMES D. KIRK |

## MEMORANDUM RULING

Before the Court is a second Motion for Relief From Judgment [Doc. No. 57] filed by Defendants Juanetta Martin and Bayou Home Bureau Corporation. Defendants claim that the Court's November 3, 2005 Judgment [Doc. No. 30] was based on a clerical error, and, therefore, should be vacated under Federal Rule of Civil Procedure 60(a).

For the following reasons, Defendants' Motion for Relief From Judgment is DENIED.

### I. FACTUAL BACKGROUND

Plaintiffs, former employees of Defendants, filed suit in state court alleging <u>inter alia</u> that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, <u>et seq.</u> ("FLSA") by failing to pay wages earned and overtime pay. Thereafter, Plaintiffs were terminated and filed the instant retaliation suit in this Court, alleging that the adverse employment action would not have occurred but-for Plaintiffs' protected activity.

On November 3, 2005, judgment was entered awarding one plaintiff lost wages and liquidated damages under the FLSA anti-retaliation provision, 29 U.S.C. § 215(a)(3). [Doc. No. 30].

On April 26, 2007, Defendants filed their first Motion for Relief From Judgment under

Rule 60(b) claiming that Plaintiffs and their counsel perpetrated fraud upon the court. [Doc. No. 44].

On May 8, 2007, the Court denied Defendants' first Motion for Relief From Judgment. [Doc. No. 50].

On July 3, 2007, Defendants filed their second Motion for Relief From Judgment. [Doc. No. 57].

## II.    LAW AND ANALYSIS

Defendants claim that the Court's November 3, 2005 Judgment should be vacated because Plaintiffs were not protected under the FLSA overtime provision, and, therefore, were not retaliated against for filing suit to recover overtime pay.

Under Rule 60(a), the Court has the power to correct clerical mistakes in judgments, orders, or other parts of the record at any time on its own initiative. See Fed. R. Civ. P. 60(a). To determine whether a mistake is within the scope of Rule 60(a), the Court must ask "whether the change affects substantive rights of the parties[,] and is therefore beyond the scope of Rule 60(a)[,] or is instead a clerical error, [or] a copying or computational mistake, which is correctable under the Rule." Sherrod v. American Airlines, 132 F.3d 1112, 1117 (5th Cir. 1998) (quoting In re West Texas Marketing Corp., 12 F.3d 497, 504 (5th Cir.1994)).

Defendants assert that Plaintiffs' counsel erroneously classified Plaintiffs as "hospital or residential care facility employees" under 29 C.F.R. § 516.23, who are protected under the FLSA overtime provision. Defendants assert that the correct classification of Plaintiffs was as "employees who are engaged in providing companionship services" under 29 C.F.R. 552.109(a), who are expressly exempt from the FLSA overtime provision. Therefore, as a matter of law,

2

Defendants contend that Plaintiffs did not engage in protected activity by filing suit to recover overtime pay and were not terminated in retaliation.

Assuming, arguendo, that Plaintiffs' counsel erroneously classified Plaintiffs under the FLSA, this factual dispute does not constitute a "clerical error" under Rule 60(a). As Defendants readily assert, "[r]efusal to correct [this] . . . error would be inconsistent with substantial justice as well as affect the substantial rights of the defendant." [Doc. No. 57, p. 4]. Therefore, this error, if any, is beyond the scope of relief allowed under Rule 60(a).

Further, Defendants would not necessarily avoid an adverse judgment simply because Plaintiffs were not entitled to overtime pay. Under the FLSA anti-retaliation provision, a plaintiff's good faith belief that the employer's conduct violated the FLSA may be considered in determining whether the plaintiff engaged in protected activity. See, e.g., Love v. Re/Max of Am., Inc., 738 F.2d 383, 387 (10th Cir. 1984) ("[Section 215(a)(3)] protects conduct based on a good faith, although unproven, belief that the employer's conduct is illegal."); Sapperstein v. Hager, 188 F. 3d 852, 857 (7th Cir. 1999) (same).

As a final matter, the Court notes that Defendants had ample opportunity to raise this issue prior to the Court's Judgment.[1] The burden was on Defendants, not Plaintiffs or their counsel, to dispute the factual basis of Plaintiffs' claim for overtime pay. Instead, Defendants failed to dispute the facts in their opposition to Plaintiffs' motion for summary judgment or post-

---

[1] Defendants also had an opportunity to challenge the Court's damages award after judgment was entered. The Court awarded Plaintiff Delores Seay lost wages based in part on eight (8) overtime hours. See [Doc. No. 29, p. 6 n. 7]. Assuming that Ms. Seay was not entitled to overtime pay, Defendants could have brought a motion to alter or amend judgment under Rule 59(e) to correct a clear legal error. See Fed. R. Civ. P. 59(e). However, Defendants were required to file the motion within 10 days of judgment, or November 13, 2005; the time for filing such a motion has expired.

trial memorandum and conceded liability by failing to respond to Plaintiffs' Request for Admissions. See [Doc. Nos. 21, 17 & 28 respectively].

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Relief From Judgment [Doc. No. 57] is DENIED.

MONROE, LOUISIANA, this 18 day of July, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE