RECEIVED
IN MONROE, LA

AUG 0 8 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CORA JOHNSON, ET AL. | CIVIL ACTION NO. 03-1979 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JUANETTA MARTIN, ET AL. | MAG. JUDGE JAMES D. KIRK |

MEMORANDUM RULING

Before the Court is a third motion for relief from judgment [Doc. No. 61] filed by Defendants Juanetta Martin and Bayou Home Bureau Corporation. Defendants claim that the Court's November 3, 2005 Judgment [Doc. No. 30] should be vacated under Federal Rule of Civil Procedure 60(b)(2), (3), (4), or (6).

For the following reasons, Defendants' third motion for relief from judgment is DENIED.

I.   LAW AND ANALYSIS[1]

Defendants claim that the Court's November 3, 2005 Judgment should be vacated because Defendants recently discovered new evidence, Plaintiffs' counsel engaged in adversarial misconduct, the Court lacked jurisdiction over Plaintiffs' claims, and Plaintiffs committed fraud upon the Court. See Fed. R. Civ. P. 60(b)(2), (3), (4), and (6).

Rule 60(b)(2) permits relief for evidence "which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Defendants contend that Plaintiffs qualified as "employees who are engaged in providing

---

[1] The Court incorporates by reference the statement of facts and law in the Court's previous rulings. See [Doc. Nos. 49 & 59].

1

companionship services" under 29 C.F.R. § 552.109(a) (also referred to as the "third-party regulation"), who are exempt from the Fair Labor Standards Act ("FLSA") overtime provision, 29 U.S.C. § 215(a)(3). Defendants admit that they were aware of the third-party regulation, but argue that the validity of the regulation was not settled until a recent United States Supreme Court decision. See Long Island Care at Home, Lmtd. v. Coke, 127 S. Ct. 2339, 2349 (2007) (holding that 29 C.F.R. § 552.109(a) is valid and binding).

The Court concludes that Defendants have failed to present "new" evidence for purposes of Rule 60(b)(2). Rather than articulating new law, the Supreme Court affirmed the validity of the regulation promulgated by the Department of Labor in 1975. Defendants were aware of the regulation and made a strategic decision not to pursue this defense at trial.[2] See [Doc. No. 61, p. 8 ("[Defendant] Martin did not want to expand the trial to one of 'third party employer' companion care exemption issue that would ultimately be decided in Coke v. Long Island.")].

A motion under Rule 60(b)(3) for adversarial fraud, misrepresentation or other misconduct, must be made within one year of "the date the district court entered final judgment." See Wilson v. Johns-Manville Sales Corp., 873 F.2d 869, 871(5th Cir. 1989) (citing Fed. R. Civ. P. 60(b)). The Court previously ruled that the Court's Judgment became final on the date it was entered, November 3, 2005. See [Doc. No. 49]. However, Defendants contend that the Court's Judgment, awarding Plaintiffs "reasonable attorneys' fees," only became final when the Court awarded Plaintiffs $15,627.50 in attorneys' fees on March 1, 2007. See [Doc. Nos. 30 & 43,

---

[2]In their previous motions for relief from judgment, Defendants cite to trial testimony which they contend shows that Plaintiffs were covered by the third-party regulation. Because this evidence was adduced at the bench trial held on October 13, 2005, Defendants cannot claim this constitutes new evidence either.

respectively]. The fact that the Court's Judgment did not award a "sum certain" amount of attorneys' fees does not undermine its finality. Accordingly, the Court finds that Defendants' motion under Rule 60(b)(3) remains time-barred.

Rule 60(b)(4) permits relief from a void judgment. See Fed. R. Civ. P. 60(b)(4). Defendants contend that the Court lacked subject matter jurisdiction over Plaintiffs' retaliation claim because Plaintiffs were not protected under the FLSA overtime provision, and, therefore, were not retaliated against for filing suit to recover overtime pay. See Callon Petroleum Co. v. Frontier Ins. Co., 351 F.3d 204, 208 & n.9 (5th Cir. 2003) ("[A] judgment may be set aside under Rule 60(b)(4). . . if the initial court lacked subject matter. . .jurisdiction."). As stated in this Court's previous Memorandum Ruling [Doc. No. 59], the FLSA anti-retaliation provision "protects conduct based on a good faith, although unproven, belief that the employer's conduct is illegal." Love v. Re/Max of Am., Inc., 738 F.2d 383, 387 (10th Cir. 1984) (citing 29 U.S.C. § 215(a)(3)); see also Sapperstein v. Hager, 188 F. 3d 852, 857 (7th Cir. 1999). Accordingly, the Court finds that it had subject matter jurisdiction over the claims raised in this case.

A motion for relief under Rule 60(b)(6) for "fraud upon the Court" can be brought at any time. See Wilson, 873 F.2d at 872; see also Fed. R. Civ. P. 60(b). The Court has already ruled that Defendants are not entitled to relief under Rule 60(b)(6), and they have failed to offer any reasons for the Court to reconsider its previous ruling. See [Doc. No. 49].

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." Hesling v. CSX Transp., Inc., 396 F.3d 632, 638 (5th Cir. 2005). The Court appreciates Defendants' frustration and has seriously considered their arguments. However, the Court concludes, again, that

Defendants are not entitled to relief. To the extent that Defendants disagree with the Court, they should seek relief in the United States Court of Appeals for the Fifth Circuit. The Court will instruct the Clerk of Court not to accept any further motions for relief from judgment or motions for reconsideration filed by Defendants without prior written Court approval.

## II. CONCLUSION

For the foregoing reasons, Defendants' third motion for relief from judgment [Doc. No. 61] is DENIED.

MONROE, LOUISIANA, this 8th day of August, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE